℀AO 241
(Rev. 10/07)

Page 2

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
## HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| **United States District Court** | District: Eastern District of Louisiana |
|---|---|

| Name (under which you were convicted): Jason Todd Duhe | Docket or Case No.: 20-1651 |
|---|---|

| Place of Confinement : Plaquemines Parish Detention Center | Prisoner No.: Doc# 334004 |
|---|---|

| Petitioner (include the name under which you were convicted) Jason Todd Duhe | Respondent (authorized person having custody of petitioner) v. James M. Leblanc, et al. |
|---|---|

| The Attorney General of the State of | |
|---|---|

### PETITION

1.  (a) Name and location of court that entered the judgment of conviction you are challenging:

    22nd Judicial District Court For the Parish of St. Tammany, Covington, LA

    (b) Criminal docket or case number (if you know): 503 047-3

2.  (a) Date of the judgment of conviction (if you know):

    (b) Date of sentencing:

3.  Length of sentence: 16 years

4.  In this case, were you convicted on more than one count or of more than one crime?   ☐ Yes   ☒ No

5.  Identify all crimes of which you were convicted and sentenced in this case: operation of a clandestine laboratory for unlawful manufacturing of methamphetamine, La. R.S. 40:983

6.  (a) What was your plea? (Check one)

    ☒ (1)   Not guilty        ☐   (3)   Nolo contendere (no contest)

    ☐ (2)   Guilty            ☐   (4)   Insanity plea

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did

you plead guilty to and what did you plead not guilty to?   *N/A.*

(c) If you went to trial, what kind of trial did you have? (Check one)

☒ Jury    ☐ Judge only

7.    Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☐ Yes    ☒ No

8.    Did you appeal from the judgment of conviction?

☒ Yes    ☐ No

9.    If you did appeal, answer the following:

(a) Name of court: *First Circuit Court of Appeal*

(b) Docket or case number (if you know): *120   SO.3d 251, State v. Duhe*
                                          *(2012 KA 0172)*

(c) Result: *Reversed*

(d) Date of result (if you know): *11/8/2012*

(e) Citation to the case (if you know): *120   SO.3d 251, State v. Duhe*

(f) Grounds raised:

*The trial court erred by failing to suppress*
*physical evidence gathered as the result of an*
*illegal seizure.*

(g) Did you seek further review by a higher state court?    ☐ Yes   ☒ No   *The state took*
                                                                          *a writ.*

If yes, answer the following:

(1) Name of court: *Louisiana Supreme Court*

(2) Docket or case number (if you know): *16 KP 57*

(3) Result: *Reversed the Court of Appeal's decision.*

(4) Date of result (if you know):

AO 241
(Rev. 10/07)

(5) Citation to the case (if you know):

(6) Grounds raised:

Whether police may remove, from a person, an
object that is contraband or a weapon
because they suspect it has drugs?

(h) Did you file a petition for certiorari in the United States Supreme Court?    ☐ Yes   ☒ No

If yes, answer the following:

(1) Docket or case number (if you know):

(2) Result:

(3) Date of result (if you know):

(4) Citation to the case (if you know):

10.   Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions

concerning this judgment of conviction in any state court?       ☒ Yes    ☐ No

11.   If your answer to Question 10 was "Yes," give the following information:

(a)   (1) Name of court:  22nd J.D.C. for the parish of St. Tammany

(2) Docket or case number (if you know):  50 30 47~3

(3) Date of filing (if you know):  12/12/2019

(4) Nature of the proceeding:  Habeas Corpus

(5) Grounds raised:

Defendant's continued confinement
without valid conviction

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes   ☒ No

(7) Result:  Judge denied claim in summary adjudication.

(8) Date of result (if you know):  Jan. 2020

AO 241
(Rev. 10/07)

(b) If you filed any second petition, application, or motion, give the same information:

    (1) Name of court:

    (2) Docket or case number (if you know):

    (3) Date of filing (if you know):

    (4) Nature of the proceeding:

    (5) Grounds raised:

    (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

    ☐    Yes    ☐  No

    (7) Result:

    (8) Date of result (if you know):

(c) If you filed any third petition, application, or motion, give the same information:

    (1) Name of court:

    (2) Docket or case number (if you know):

    (3) Date of filing (if you know):

    (4) Nature of the proceeding:

    (5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes   ☐ No

(7) Result:

(8) Date of result (if you know):

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition:   ☐ Yes   ☒ No

(2) Second petition:   ☐ Yes   ☐ No

(3) Third petition:   ☐ Yes   ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

12.   For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

**GROUND ONE:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

The motion to suppress Should have been granted and sustained. The police did not have probable cause for the subsequent search (warrantless) and arrest which led to Petitioner's conviction.

(b) If you did not exhaust your state remedies on Ground One, explain why: Petitioner, took his All state remedies were exhausted. Case to the 1st Circuit Court of Appeal, the Louisiana Supreme Court and attempted to go back to the District Court

AO 241
(Rev. 10/07)

(c)   **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?   ☑ Yes   ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes   ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:   Motion For Habeas Corpus

Name and location of the court where the motion or petition was filed:
22nd Judicial District Court, Covington, LA

Docket or case number (if you know):  20-1651

Date of the court's decision:  Jan. 2020

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?   ☐ Yes   ☑ No

(4) Did you appeal from the denial of your motion or petition?   ☐ Yes   ☑ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☐ Yes   ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

AO 241
(Rev. 10/07)

(c) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One:

**GROUND TWO:**   N IA

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Two, explain why:

(c)   **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?   ☐ Yes   ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)   **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes   ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

AO 241
(Rev. 10/07)

Result (attach a copy of the court's opinion or order, if available):

| | | | | |
|---|---|---|---|---|
| (3) Did you receive a hearing on your motion or petition? | ❒ | Yes | ❒ | No |
| (4) Did you appeal from the denial of your motion or petition? | ❒ | Yes | ❒ | No |
| (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? | ❒ | Yes | ❒ | No |

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:


Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):


(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:




(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you :
       have used to exhaust your state remedies on Ground Two



**GROUND THREE:**              N/A


(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Three, explain why?

(c)     **Direct Appeal of Ground Three:**

      (1) If you appealed from the judgment of conviction, did you raise this issue?   ☐ Yes   ☐ No

      (2) If you did not raise this issue in your direct appeal, explain why:

(d)     **Post-Conviction Proceedings:**

      (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

          ☐ Yes   ☐ No

      (2) If your answer to Question (d)(1) is "Yes," state:

      Type of motion or petition:

      Name and location of the court where the motion or petition was filed:

      Docket or case number (if you know):

      Date of the court's decision:

      Result (attach a copy of the court's opinion or order, if available):

      (3) Did you receive a hearing on your motion or petition?   ☐ Yes   ☐ No

      (4) Did you appeal from the denial of your motion or petition?   ☐ Yes   ☐ No

      (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☐ Yes   ☐ No

      (6) If your answer to Question (d)(4) is "Yes," state:

      Name and location of the court where the appeal was filed:

      Docket or case number (if you know):

      Date of the court's decision:

      Result (attach a copy of the court's opinion or order, if available):

AO 241
(Rev. 10/07)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you
have used to exhaust your state remedies on Ground Three:

**GROUND FOUR:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Four, explain why:

(c)     **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?        ☐   Yes        ☐   No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)     **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐    Yes      ☐   No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

AO 241
(Rev. 10/07)

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

| | | | | |
|---|---|---|---|---|
| (3) Did you receive a hearing on your motion or petition? | ❏ | Yes | ❏ | No |
| (4) Did you appeal from the denial of your motion or petition? | ❏ | Yes | ❏ | No |
| (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? | ❏ | Yes | ❏ | No |

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four:

13. Please answer these additional questions about the petition you are filing:

  (a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?   ☑ Yes   ☐ No

  If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them:

  (b) Is there any ground in this petition that has not been presented in some state or federal court? If so, ground or grounds have not been presented, and state your reasons for not presenting them:

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?   ☐ Yes   ☑ No

  If "Yes," state the name and  location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed.  Attach a copy of any court opinion or order, if available.

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?   ☐ Yes   ☑ No

  If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the raised.

AO 241
(Rev. 10/07)

16.   Give the name and address, if you know, of each attorney who represented you in the following stages of the

judgment you are challenging:

(a) At preliminary hearing:


(b) At arraignment and plea:


(c) At trial:


(d) At sentencing:


(e) On appeal:       Andre Belanger            margeret Sollare
                     8075 Jefferson Huy        513 Country Club Blvd.
                     Baton Rouge, LA 70809     Thibodaux, LA 70301

(f) In any post-conviction proceeding:


(g) On appeal from any ruling against you in a post-conviction proceeding:

Deidre K. Peterson        (504) 439-6240
102 Brunswick Ct
New Orleans, LA

17.   Do you have any future sentence to serve after you complete the sentence for the judgment that you are

challenging?          ☐ Yes     ☒ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:



(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the

future?               ☐ Yes     ☐ No

18.   TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain

why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C.   § 2244(d) provides in part that:

(1)   A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

(A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

(C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AO 241
(Rev. 10/07)

Page 16

(2)     The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief:

To order Petitioner released from state custody

or any other relief to which petitioner may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on _____ (month, date, year).

Executed (signed) on _____ (date).

_____
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.